UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4525 (CAS) (MRWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Lisa Gonzalez | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| James Adams, Pro Se | Andrew Pribe, AUSA | |

**Proceedings:**   DEFENDANTS' MOTION TO DISMISS (Dkt. #9, filed September 23, 2013)

## I.   INTRODUCTION

Plaintiffs Monique and James Adams, proceeding pro se, filed this action on June 28, 2013, against defendants United States of America and the Internal Revenue Service ("IRS"). Dkt. #4. Plaintiffs assert a claim for relief under the Internal Revenue Code for a refund of income taxes paid in 1993 and 1994. Compl. 13-14, 18.

The government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on September 23, 2013. Plaintiffs filed an opposition on October 11, 2013. Dkt. #11. The government filed a reply on October 21, 2013. Dkt. #12. The Court held a hearing on November 4, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

The crux of plaintiffs' allegations is that the Internal Revenue Service erroneously calculated plaintiffs' tax liability for tax years 1993 and 1994. Compl. 5-6. According to plaintiffs, the Internal Revenue Service ("IRS") improperly denied plaintiffs the exemptions and deductions to which they were entitled for those years. Id. It appears that plaintiffs now seek a refund of taxes paid or assessed for those years. Id. at 18. The Court sets forth plaintiffs' factual allegations in more detail below.

During 1998 and 1999, plaintiffs allege that they made a series of payments to the IRS. Id. at 8. Plaintiffs allege that they filed for bankruptcy on October 4, 1999. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4525 (CAS) (MRWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

Plaintiffs do not allege the outcome of the bankruptcy proceeding. See id. However, they allege that their bankruptcy proceeding was "no longer pending" as of February 21, 2002. Id. Plaintiffs allege that James Adams sought emergency mental health treatment in June 2001, and continued to seek mental health treatment through the middle of 2002. Id. at 7. Plaintiffs then allege that they submitted an "offer in compromise" to the IRS on August 9, 2002, but do not allege the substance of the offer. Id. Plaintiffs further allege that they filed an amended tax return for the years 1993 and 1994 on June 3, 2004. Id. at 9. Plaintiffs allege that this return was "denied." Id.

In the following years, plaintiffs allege correspondence with the IRS regarding their tax liability from 1993 and 1994, and also allege that they made a series of payments to the IRS. Id. at 10-11. According to plaintiffs, the IRS issued a series of small refunds and abatements of plaintiffs' tax liability during the years 2008 through 2011, including a refund of $4,683.15 for the 1994 tax year. Id. at 11. Plaintiffs allege that they then filed an amended tax return for tax year 1993 on March 17, 2011, and that this return was also "denied." Id.

Plaintiffs allege that they met with an IRS tax examiner on October 20, 2011, who stated that plaintiffs were entitled to an additional tax refund. Id. at 12. It appears that plaintiffs allege that they submitted a claim to the IRS on March 25, 2012, which was denied. Id. Plaintiffs allege that they appealed the denial of their claim, and that the appeal was denied in October of 2012. Id.

### III. LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4525 (CAS) (MRWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction.[1] See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

**IV.   DISCUSSION**

The federal district courts have jurisdiction over suits for the refund of erroneously or illegally collected income tax. 28 U.S.C. § 1346(a). However, such a suit cannot be maintained until the taxpayer has paid the full amount of the disputed tax, and has filed an administrative refund claim with the Internal Revenue Service ("IRS"). 28 U.S.C. § 7422(a); Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985). If the administrative claim does not comply with the laws and regulations governing such claims, the suit in the district court must be dismissed because "filing [an administrative claim] pursuant to the rules is a jurisdictional prerequisite." Boyd v. United States, 762 F.2d 1369, 1371 (9th Cir. 1985) (citation omitted); see also Commissioner v. Lundy, 516 U.S. 235, 240 (1996) (stating that "timely filing of a refund claim [is] a jurisdictional prerequisite to bringing suit").

The Internal Revenue Code sets forth a limitations period for the filing of administrative refund claims. 26 U.S.C. § 6511(a). These claims must be filed (1) "within [three] years from the time the return was filed" or (2) within "[two] years from the time the [disputed] tax was paid, whichever period expires the later." Id. If the taxpayer does not file a claim within three years from the time the return was filed, but

---

[1] The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4525 (CAS) (MRWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

instead files a claim within two years from the time of the tax payment, the refund amount is limited to the amount of tax paid during the two years immediately preceding the filing of the claim. 26 U.S.C. § 6511(b)(2)(B).

This limitations period is not subject to equitable tolling. United States v. Dalm, 494 U.S. 596, 602 (1990). However, the statute suspends the running of the limitations period while a taxpayer is "unable to manage his financial affairs by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 26 U.S.C. § 6511(h)(2)(A). A taxpayer asserting this disability must show proof of its existence when filing the refund claim. Id.

After filing a timely administrative refund claim, the taxpayer must then comply with the limitations period on suits in the district court. Suits in the district court must be commenced with two years from the mailing, by the IRS, of a "notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1).

Plaintiffs do not allege that they have paid the full tax amount assessed by the IRS for either of the 1993 or 1994 tax years. Accordingly, the complaint fails to allege facts that establish that this Court has subject matter jurisdiction over this action. See Thomas v. United States, 755 F.2d at 729.

**V.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss.

Plaintiffs shall have until **December 2, 2013** to file an amended complaint that corrects the deficiencies identified herein. Failure to do so may result in the dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |