UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | 2:13-cv-04525-CAS(MRWx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not Present | | Andrew Pribe, AUSA |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS (Dkt. #16, filed December 20, 2013)

## I. INTRODUCTION

Plaintiffs Monique and James Adams, proceeding pro se, filed this action on June 28, 2013, against defendants United States of America and the Internal Revenue Service ("IRS"). Dkt. #4. In the initial complaint, plaintiffs asserted a claim for relief under the Internal Revenue Code for a refund of income taxes paid in 1993 and 1994. Compl. 13-14, 18. By order dated November 4, 2013, the Court granted the government's motion to dismiss plaintiff's initial complaint. Dkt. #14. The Court found that dismissal was warranted because plaintiffs did not allege that they had paid the full tax amount assessed by the IRS for those years. Id. at 4.

At the hearing on the motion, the Court provided plaintiffs with a list of questions to be addressed in an amended complaint. The purpose of these questions was to assist the Court in determining whether it could exercise subject matter jurisdiction over this action. The questions were as follows:

1) When do plaintiffs allege that they first filed a tax return for the 1993 tax year?

2) Do plaintiffs allege that they have paid the full amount of their 1993 taxes, as set forth by the IRS?

3) If so, when do plaintiffs allege that the most recent payment was made?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-04525-CAS(MRWx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

4)   When do plaintiffs allege that they filed an administrative refund claim pertaining to their 1993 taxes?

5)   If and when plaintiffs filed such a claim, what information, if any, did they present to the IRS regarding Mr. Adams? disability?

6)   If such a claim was filed, when do plaintiffs allege that they received a final determination from the IRS on the claim?

7)   When do plaintiffs allege that they first filed a tax return for the 1994 tax year?

8)   Do plaintiffs allege that they have paid the full amount of their 1994 taxes, as set forth by the IRS?

9)   If so, when do plaintiffs allege that the most recent payment made?

10)   When do plaintiffs allege that they filed an administrative refund claim pertaining to their 1994 taxes?

11)   If and when plaintiffs filed such a claim, what information, if any, did they present to the IRS regarding Mr. Adams? disability?

12)   If such a claim was filed, when do plaintiffs allege that they received a final determination from the IRS on the claim?

Plaintiffs filed a first amended complaint ("FAC") on November 27, 2013. Dkt. #15. The FAC responds to the Court's questions, and asserts a claim for a refund of taxes assessed for the 1993 and 1994 tax years. FAC at 22. However, the FAC does not contain any other factual allegations. In light of the fact that plaintiffs are proceeding pro se, the Court will construe the FAC as incorporating plaintiffs' initial complaint.

The government filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) on December 20, 2013. Dkt. #16. No opposition or reply has been filed. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-04525-CAS(MRWx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

## II.  BACKGROUND

The crux of plaintiffs' allegations is that the Internal Revenue Service erroneously calculated plaintiffs' tax liability for tax years 1993 and 1994.  Compl. 5-6.  According to plaintiffs, the Internal Revenue Service ("IRS") improperly denied plaintiffs the exemptions and deductions to which they were entitled for those years.  Id.

In the FAC, plaintiffs allege that they first filed a return for their 1993 taxes in 1996.  FAC at 4.  Plaintiffs allege that they have paid the entire amount of 1993 taxes assessed by the IRS, and that the last payment of 1993 taxes was made on March 31, 2008.  Id. at 5.  Plaintiffs further allege that they filed amended returns in 2004 and again in 2012.  Id. at 6-7.  According to plaintiffs, they did not provide evidence of Mr. Adams' disability when they submitted these claims.  Id. at 7.

Plaintiffs allege that they first filed a return for their 1994 taxes in 1996.  Id. at 14.  Plaintiffs allege that they have paid the full amount of 1994 taxes assessed by the IRS, and that the most recent payment was made on March 31, 2008.  Id. at 14-15.  Plaintiffs further allege that they filed an amended 1994 tax return in 2003, and again in 2011.  Id. at 15-16.  According to plaintiffs, they did not provide evidence of Mr. Adams' disability when they submitted these claims.  Id. at 16.

## III.  LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action.  The objection presented by this motion is that the court has no authority to hear and decide the case.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         JS-6

| Case No. | 2:13-cv-04525-CAS(MRWx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction.[1] See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

## IV. DISCUSSION

The government argues that this Court lacks subject matter jurisdiction over this action because plaintiffs do not allege timely filing of administrative refund claims with regard to both of the tax years at issue. Mot. Dismiss 5-9. The Court agrees.

The federal district courts have jurisdiction over suits for the refund of erroneously or illegally collected income tax. 28 U.S.C. § 1346(a). However, such a suit cannot be maintained until the taxpayer has paid the full amount of the disputed tax, and has filed an administrative refund claim with the Internal Revenue Service ("IRS"). 28 U.S.C. § 7422(a); Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985). If the administrative claim does not comply with the laws and regulations governing such claims, the suit in the district court must be dismissed because "filing [an administrative claim] pursuant to the rules is a jurisdictional prerequisite." Boyd v. United States, 762 F.2d 1369, 1371 (9th Cir. 1985) (citation omitted); see also Commissioner v. Lundy, 516 U.S. 235, 240 (1996) (stating that "timely filing of a refund claim [is] a jurisdictional prerequisite to bringing suit").

The Internal Revenue Code sets forth a limitations period for the filing of administrative refund claims. 26 U.S.C. § 6511(a). These claims must be filed (1) "within 3 years from the time the return was filed" or (2) within "2 years from the time the tax was paid, whichever period expires the later." Id. The "return" referenced in the

---

[1] The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-04525-CAS(MRWx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

statute is the first return filed by the taxpayer for the tax year at issue. E.g., Chaney v. United States, 45 Fed. Cl. 309, 317 (1999) (citing Zellerbach Paper Co. v. Helvering, 293 U.S. 172, 177-78 (1934)). Amended returns are ordinarily construed as administrative refund claims. Curry v. United States, 774 F.2d 852, 855 (7th Cir. 1985) (citing 26 C.F.R. § 301.6402-3(a)(5)).

If the taxpayer does not file a claim within three years from the time the return was filed, but instead files a claim within two years from the time of the tax payment, the refund amount is limited to the amount of tax paid during the two years immediately preceding the filing of the claim. 26 U.S.C. § 6511(b)(2)(B). Moreover, this two-year limitations period is not triggered in the first instance until the amount assessed by the IRS has been paid in full. Sly v. United States, 836 F.2d 1310, 1312 (11th Cir. 1988); Snyder v. United States, 616 F.2d 1187, 1188 (10th Cir. 1980).

These limitations periods are not subject to equitable tolling. United States v. Dalm, 494 U.S. 596, 602 (1990). However, the statute suspends the running of the limitations period while a taxpayer is "unable to manage his financial affairs by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 26 U.S.C. § 6511(h)(2)(A). A taxpayer asserting this disability must show proof of its existence when filing the refund claim. Id.

After filing a timely administrative refund claim, the taxpayer must then comply with the limitations period on suits in the district court. Suits in the district court must be commenced with two years from the mailing, by the IRS, of a "notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1).

### A. Plaintiffs' 1993 Taxes

Based on the allegations in the FAC, the Court concludes that plaintiffs did not file a timely administrative refund claim with respect to their 1993 taxes. As a result, this Court lacks jurisdiction over a claim for a refund of those taxes. This is so because neither of plaintiffs' amended 1993 returns, which the Court construes as administrative refund claims, see Curry, 774 F.2d at 855, are timely. In this regard, the 2004 claim was filed more than three years after the initial return was filed in 1996, and the 2012 claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-04525-CAS(MRWx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |

was filed more than two years after the most recent tax payment was made in 2008. See 26 U.S.C. § 6511(a). Finally, plaintiffs have not alleged a basis for the suspension of these limitations periods because they allege that they did not provide information regarding Mr. Adams' disability at the time that they filed the claims. See FAC at 7; 26 U.S.C. § 6511(h)(2)(A).

### B. Plaintiffs' 1994 Taxes

The Court similarly concludes that plaintiffs do not allege the timely filing of an administrative refund claim as to their 1994 taxes. Plaintiffs allege that they filed an amended return in 2003, FAC at 15, which the Court construes as an administrative refund claim. This claim is untimely because it was filed more than three years after the filing of the initial return in 1996, see id. at 14. See 26 U.S.C. § 6511(a). Similarly, plaintiffs allege that they made their most recent payment of 1994 taxes on March 31, 2008, and then submitted an amended return in September 2011, more than two years later. Id. at 15-16. This claim is untimely because it was filed more than two years after the most recent tax payment. See 26 U.S.C. § 6511(a). Finally, plaintiffs do not allege a basis for suspending the limitations period for filing of refund claims for this tax year because they allege that they did not provide information regarding Mr. Adams' disability at the time that they filed the claims. See FAC at 16; 26 U.S.C. § 6511(h)(2)(A). Accordingly, the Court finds that it also lacks jurisdiction over plaintiffs' claim for a refund of their 1994 taxes.

### V. CONCLUSION

In accordance with the foregoing, the Court GRANTS the government's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  **JS-6**

| Case No. | 2:13-cv-04525-CAS(MRWx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | ADAMS, ET AL. V. INTERNAL REVENUE SERVICE, ET AL. | | |